UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL UNION NO. 400, IBEW LOCAL 400 WELFARE, PENSION, ANNUITY AND JOINT APPRENTICESHIP TRAINING FUNDS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> LORDS ELECTRIC, INC. <br><br> Defendant. | Civil Action No. 13-1785 (MAS) <br> (consolidated) <br><br><br><br> MEMORANDUM OPINION <br> AND ORDER |

This matter comes before the Court on Plaintiffs' Motion for Leave to file an Amended Complaint [dkt. no. 13]. Defendant Lords Electric, Inc. has opposed Plaintiffs' Motion [dkt. no. 17]. For the reasons discussed below, Plaintiffs' Motion is **GRANTED**.

I. **FACTS AND PROCEDURAL HISTORY**

The facts and procedural history of this matter are well known to the parties and need not be recited at length here. As pertains to the present motion, Plaintiffs filed a Complaint against Defendant on March 21, 2013, alleging that Defendant "failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees for various periods of time, including, but not limited to, October 15, 2012 through January, 2013." See Compl. at ¶ 15, dkt no. 1. Plaintiffs also set forth claims for liquidated damages and interest on the delinquent contributions, as well as reasonable attorney's fees and court costs. See Compl. at ¶ 20.

Since the filing of the Complaint, Defendant has remitted the principal amounts of the delinquent contributions for the period October 15, 2012 through January 2013. See Pl.'s Brief

at p. 4, dkt. no. 13; Def.'s Brief at p. 3, dkt. no. 17. While Plaintiffs concede that Defendant has paid the contributions originally alleged in the Complaint, they contend that other contributions—arising from the same wrongful activity of Defendants—have become delinquent since the filing of the Complaint, namely from September and October 2013. See Pl.'s Brief at p. 4. In addition, Plaintiffs still seek interest on the previously delinquent contributions, liquidated damages, and attorney's fees. Id. at p. 1.

Arguing that the allegations in the Complaint are no longer in dispute, Defendant filed a Motion for Summary Judgment, which is currently pending before U.S. District Judge Shipp. See Def.'s Brief at p. 3. Plaintiff opposed this Motion, and has filed a cross-motion for Summary Judgment. Id. Plaintiff also filed the present Motion to Amend the Complaint, seeking to add claims for post-Complaint delinquent contributions to this action. See dkt. no. 13.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs amendments to pleadings. According to the Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Rule further provides that "the court should freely give leave when justice so requires." Id.; see also Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000) *citing* Foman v. Davis, 371 U.S. 178, 182 (1962). The decision whether to permit a Plaintiff to amend his Complaint is one that rests within the sound discretion of the Court. See Morton International, Inc. v. A.E. Staley Manuf. Co., 106 F. Supp. 2d 737, 744 (D.N.J. 2000).

In Foman, the Supreme Court set forth several factors for courts to consider in deciding whether to grant leave to amend a complaint. The factors include:

(1)  Undue delay, bad faith or dilatory motive on the part of the movant;

(2)  Repeated failure to cure deficiencies by amendment previously allowed;

(3) Undue prejudice to the opposing party by virtue of allowance of the amendment;

(4) Futility of the amendment.

See Foman 371 U.S. at 182. Unless the balancing of these factors weighs in favor of denying the amendment, leave should be freely given. Id.

**III. DISCUSSION**

Plaintiffs contend that the Court should grant them leave to amend the Complaint. In addition to arguing that the Foman factors weigh in their favor, Plaintiffs assert that they are only filing this Motion "in order to more specifically plead a change in the circumstances as a result of Defendant's course of conduct." See Pl.'s Brief, at p. 3. According to Plaintiffs, "the cause of action remains identical", since Plaintiffs "merely seek judgment for Defendant Lords' failure to remit fringe benefit contributions for a different period of time . . . ." Id. As Plaintiffs note, the Complaint includes the allegations that the scope of the delinquency was "including, but not limited to," the delinquency at the time the Complaint was filed. Id. at p. 4. Thus, Plaintiffs argue, Defendant is not prejudiced when it is already "defending against an identical claim for the failure to remit fringe benefit contributions." Id. at p. 5.

In its Opposition, Defendant contends that "[a]ll the benefits claimed to be due and owing in the complaint have been completely paid in full." See Def.'s Brief at p. 3. According to Defendant, these balances were satisfied in the ordinary course of business. Id. at p. 4. Defendant argues that permitting Plaintiff to amend its Complaint would be prejudicial to Defendant. Id. Specifically, Defendant argues that "there is always an outstanding balance for prior months payments due." Id. Thus, if the Court allows this amendment, "there will need to be another amendment in eight weeks when the September and October payments have been

made and the next month's become due." Id. at p. 5.

After reviewing the parties' submissions, the Court finds that Plaintiff is entitled to amend its Complaint. As an initial matter, the Foman factors weigh in favor of freely granting leave to amend. No serious argument can be made that Plaintiffs acted with undue delay, bad faith or dilatory motive, since the allegations pertain to conduct occurring in September and October 2013. Moreover, this case does not involve the Plaintiffs' "repeated failure to cure deficiencies by amendment previously allowed." Further, the Defendant does not argue that the proposed amendment is futile.

The crux of Defendant's Opposition is that Plaintiffs' proposed amendment is unduly prejudicial. The Court finds this argument without merit. Plaintiffs' proposed allegations are recent, arise under the exact contract involved in the original Complaint, and involve the same alleged wrongful conduct by Defendant. While Defendant may have satisfied the principal contributions of the original allegations, Plaintiff's Complaint was broader even as originally drafted. Specifically, it encompasses contributions "including, but not limited to" the specific balances alleged in the Complaint. In addition, the Complaint seeks interest and other costs, which, to the Court's knowledge, remain unsatisfied and disputed. To shield Defendant from recent allegations arising from the same core of operative facts would be inequitable and inefficient. Case law confirms this point. See Carpenters Health and Welfare Fund of Phila. and Vicinity v. Building Tech., Inc., 747 F.Supp. 288 (E.D. Pa. 1990) (where the Court entered judgment for additional delinquent contributions to an ERISA fringe benefit plan that arose after the suit was filed, holding that this outcome "provides a common sense and equitable method of handling a changing situation while avoiding a multiplicity of suits"). Thus, in accordance with Rule 15(a), the Court will grant Plaintiffs' leave to amend the Complaint.

## IV. CONCLUSION & ORDER

The Court has considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 24th day of January, 2014,

**ORDERED** that Plaintiffs' Motion to Amend the Complaint [dkt. no. 13] is **GRANTED**. The Amended Complaint must be filed by February 5, 2014.


Dated: January 27, 2014                  **s/ Douglas E. Arpert**
                                                   **DOUGLAS E. ARPERT, U.S.M.J.**