**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL UNION NO. 400, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LORDS ELECTRIC, INC., <br><br> Defendant. | Civil Action No. 13-1785 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the motion of Plaintiffs IBEW Local Union No. 400, IBEW Local 400 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds, and IBEW Local 400 Distribution Fund ("Plaintiffs" or the "Funds") for summary judgment. (ECF No. 34.) Defendant Lords Electric, Inc. ("Defendant") opposed the motion (ECF No. 38) and filed a cross-motion for summary judgment (ECF No. 39). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' motion and Defendant's cross-motion are denied.

The facts and procedural history of this matter are well known to the parties and need not be recited at length here. Plaintiffs filed a complaint against Defendant on March 21, 2013, and an amended complaint on July 7, 2014 (the "Amended Complaint"). In the Amended Complaint, Plaintiffs allege that "Defendant has continually failed to remit timely contributions to the Funds including, but not limited to, the period between October 2012 and October 2013" in violation of § 1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and in breach of the parties' collective bargaining agreement. After this litigation commenced, Defendant

remitted the alleged delinquent contributions, interest, and liquidated damages to Plaintiff. (Cert. of Robert Gratton ("Gratton Cert.") ¶¶ 12-13, ECF No. 39-2; Cert. of Jon Levine ("Levine Cert.") ¶ 6, ECF No. 34-6.) Through their summary judgment motion, Plaintiffs now seek attorneys' fees and costs pursuant to § 1132(g)(2) of ERISA. Defendant, in its cross-motion, argues summary judgment should be awarded to Defendant because "[t]here is no basis for an award of attorney fees when all contributions, interest and penalties claimed in the complaint have been paid in full." (Def.'s Moving Br. 2, ECF No. 39-1.)

In the Amended Complaint, Plaintiffs allege that Defendant violated § 1145 of ERISA by failing to remit amounts owed under the collective bargaining agreement. Section 1145 of ERISA "requires an employer to contribute to a multiemployer benefit plan in accordance with the 'terms and conditions' set forth in the collective bargaining agreement." *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1111 (3d Cir. 1996) (citing 29 U.S.C. § 1145). Further, "[i]t is undisputed that ERISA mandates an award of reasonable attorneys' fees when . . . a fund prevails in an action for unpaid contributions pursuant to 29 U.S.C. § 1145." *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 285 (3d Cir. 2007). Thus, a "judgment in favor of the plan" is a prerequisite to obtaining the mandatory relief under § 1132(g)(2). 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . .") The Third Circuit, however, has determined that the purpose of § 1132 "would be defeated if [the court] allowed employers to avoid paying [the mandatory relief] simply by satisfying their debt moments before the court issues judgment." *United Auto. Workers Local 259 Soc. Sec. Dep't*, 501 F.3d at 289 (citing *Iron Workers Dist. Council of W. N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors,*

*Inc.*, 68 F.3d 1502, 1508 (2d Cir. 1995) ("Permitting delinquent employers to avoid paying § 1132 penalties after suit is filed . . . would largely thwart the purpose of § 1132(g)(2) to provide plan fiduciaries with an effective weapon against delinquent employers.")). In accordance with this purpose, § 1132(g)(2) does not require that a favorable judgment be awarded on all the items of relief available under the section; "[i]t simply directs that once there is a favorable judgment, the plaintiff is entitled to all the measures of relief not already obtained." *Iron Workers Dist. Council*, 68 F.3d at 1507 (holding that statutory remedies were available even where delinquent contributions owed by employer were paid after suit but prior to judgment). Accordingly, once a court finds a violation of § 1145, any of the relief not already remitted under §1132(g)(2) may be ordered. *Id.*

Here, on a motion for summary judgment, Plaintiffs, as the moving party, must "successfully point[] to evidence of all of the facts needed to decide the case on the law short of trial." *El v. Se. Pa. Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007). Before the Court can award attorneys' fees and costs, Plaintiffs must establish there is no genuine dispute of material fact that Defendant violated § 1145. Plaintiffs have not met their burden. Plaintiffs have not provided sufficient evidence to show that Defendant's contributions were delinquent in violation of §1145. Plaintiffs make only conclusory statements that the contributions were delinquent and have not identified the provisions or terms of the collective bargaining agreement that were violated. Additionally, Plaintiffs did not submit a statement of material facts not in dispute pursuant to Local Civil Rule 56.1. Failure to submit a statement of material facts not in dispute alone can result in dismissal. Therefore, Plaintiffs' motion for summary judgment for attorneys' fees and costs must be denied because, at this juncture, the Court cannot enter judgment in favor of Plaintiffs pursuant to § 1145, and a favorable judgment under § 1145 is a prerequisite to the

relief requested by Plaintiffs. Defendant's cross-motion, however, must also be denied, because payment of alleged delinquent payments after the commencement of suit but prior to a judgment does not automatically deny a plaintiff the remedy of attorneys' fees and costs under § 1132(g)(2). If Plaintiffs can establish Defendant violated § 1145 at the time this litigation was commenced, an award of reasonable attorneys' fees and costs is mandatory.

    For the reasons set forth above, Plaintiffs' motion is denied, and Defendant's cross-motion is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 29th, 2015